HASKELL, *plaintiff in error, vs.* THE INHABITANTS OF KNOX.

The surveyor of highways cannot, under *Stat.* 1821, *ch.* 118, employ persons to labor at the expense of the town, without the consent of a majority of the selectmen.

THIS was an action of *assumpsit*, for labor done under the direction of a surveyor of highways, in rebuilding a bridge which had been suddenly destroyed by fire. And it appeared that the surveyor, having no unexpended monies in his hands, obtained the consent of one of the selectmen, who was brother to the plaintiff, to employ him to rebuild the bridge; which was done accordingly.

*Whitman* C. J. before whom the cause was tried in the Court below, ruled that this evidence was not sufficient to charge the defendants; to which the plaintiff excepted.

*Ashmun,* in support of the exceptions, relied on the peremptory language of *Stat.* 1821, *ch.* 118, *sec.* 13, that in case of any sudden injury to bridges or highways, the surveyor shall cause them to be repaired; and he cited *Wood v. Waterville* 5 *Mass.* 204.

*Wilson,* for the defendants, contended that this section was to be expounded in connection with the fifteenth, which requires the surveyor to act under the direction of the selectmen.

WESTON J. delivered the opinion of the Court, as follows.

The right of the plaintiff to recover in this action, will depend upon the question, whether the services performed by him, for which he claims compensation, were directed by persons competent to procure them to be done, at the expense of the town. By the thirteenth section of the act for the making and repairing of highways, it is provided that " in cases of any sudden injury to " bridges or highways he (the surveyor) shall, without delay, " cause the same to be repaired." The ordinary means provided, to enable the surveyor to perform this and other duties appertaining to his office, are the sums assigned to him to be expended in virtue of the same thirteenth section. And when this provision shall not fully answer, it is, by the fifteenth section, made " lawful for the surveyor, with the consent of the select- " men, or the major part of them, where such deficiency happens, " to employ such of the inhabitants of the town, upon the repair " of the ways in his limits, as shall make up that deficiency ; " and the persons thus employed shall be equitably paid out of " the town treasury therefor." We find no authority in the law empowering the surveyor, without the consent of a major part of the selectmen, to employ any of the inhabitants of the town to labor at their expense.

As the selectmen are a board, having the management of the prudential concerns of the town ; as access may at all times be had to them ; and as the respective towns are bound, at their

peril, to keep the highways in a state of constant repair; the provision made in the fifteenth section, was deemed fully adequate to the exigency therein contemplated. It was not considered expedient to give this discretion to the surveyor alone; but he is required to act, under the advice and direction of the selectmen. That this is the true construction of the power and duty of surveyors, is corroborated by the provisions of the eighteenth section, by which surveyors are made liable to a presentment or information for any deficiency arising within their limits, or to refund any fine or costs, which may be imposed upon their respective towns, only in case they shall not have duly expended the money in their bills, or having so done, shall not have given notice of such deficiency to the selectmen, in case the sum raised for the repair of the highways shall be found insufficient for that purpose. If the surveyor may proceed upon his own authority, without consulting the selectmen, as is assumed by the counsel for the plaintiff, the provisions of the fifteenth section will be defeated, as often as any sudden injury may arise to bridges or highways.

The case of *Wood v. Waterville,* cited by the counsel for the plaintiff, was decided upon the eighth section of the statute of *Massachusetts* of 1786, *ch.* 81. That statute has been repealed within this State; and in the revised laws upon the subject of highways, the provisions of the eighth section have not been re-enacted. Their omission not only renders the case of *Wood v. Waterville* inapplicable as an authority in support of this action; but is expressive of a determination, on the part of the legislature, to withhold from surveyors the power recognized by that case, as derived from the eighth section of the statute of *Massachusetts.*

The judgment of the Court below is affirmed; with costs for the defendants in error.